UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BARRY STAUBUS, in his official capacity as the District Attorney General for the Second Judicial District, TN; TONY CLARK, in his official capacity as the District Attorney General for the First Judicial District, TN; DAN ARMSTRONG, in his official capacity as the District Attorney General for the Third Judicial District, TN; and BABY DOE, by and through his Guardian Ad Litem, | Case No. 2:17-CV-00122 |
| Plaintiffs, | Chief Judge Thomas A. Varlan |
| | Magistrate Judge Clifton L. Corker |
| v. | |
| PURDUE PHARMA, L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY; MALLINCKRODT LLC; ENDO HEALTH SOLUTIONS, INC; ENDO PHARMACEUTICALS, INC; CENTER POINTE MEDICAL CLINIC, LLC; ELIZABETH ANN BOWERS CAMPBELL; PAMELA MOORE, and ABDELRAHMAN HASSABU MOHAMED | |
| Defendants. | |

**ENDO HEALTH SOLUTIONS INC. AND ENDO PHARMACEUTICALS INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AS TO THE MANUFACTURER DEFENDANTS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 2

ARGUMENT ................................................................................................................................... 3

I. This Court Has Diversity Jurisdiction Because Plaintiffs Are Completely Diverse From the Only Properly Joined Defendants in this Action .......................................................... 3

    A. Courts May Sever Misjoined Defendants Under Federal Rule of Civil Procedure 21 or the Procedural Misjoinder Doctrine ............................................................ 4

    B. The Provider Defendants Are Neither Necessary Nor Indispensable .................... 9

        1. The Provider Defendants Are Not Necessary Under Rule 19(a) ................ 9

        2. The Provider Defendants Are Dispensable Under Rule 19(b) .................. 10

II. Plaintiffs' Procedural Objection to the Notice of Removal Is Meritless ........................... 12

III. Plaintiffs Are Not Entitled to Fees ..................................................................................... 13

CONCLUSION ................................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asher v. Minn. Mining & Mfg. Co.*,
   No. 04CV522KKC, 2005 WL 1593941 (E.D. Ky. June 30, 2005) ..........................7

*Ashworth v. Albers Med., Inc.*,
   395 F. Supp. 2d 395 (S.D. W. Va. 2005) ...........................................................7

*Balazik v. Cty. of Dauphin*,
   44 F.3d 209 (3d Cir. 1995) ..................................................................................12

*In re Benjamin Moore & Co.*,
   309 F.3d 296 (5th Cir. 2002) ................................................................................7

*Bird v. Carteret Mortg. Corp.*,
   No. 2:06-CV-588, 2007 WL 894841 (S.D. Ohio Mar. 22, 2007) ..........................7

*Boggs v. Landmark 4 LLC*,
   No. 1:12 CV 614, 2012 WL 3485288 (N.D. Ohio Aug. 13, 2012) ........................9

*Chambers v. HSBC Bank USA, N.A.*,
   796 F.3d 560 (6th Cir. 2015) ..............................................................................12

*City of Huntington v. AmerisourceBergen Drug Corp.*,
   No. 3:17-01362, 2017 WL 3317300 (S.D. W. Va. Aug. 3, 2017) .....................7, 8

*Cty. Comm'n of McDowell Cty. v. McKesson Corp.*,
   No. 1:17-00946, 2017 WL 2843614 (S.D. W. Va. July 3, 2017) ..........................7

*Dearborn St. Bldg. Assocs., LLC v. Huntington Nat'l Bank*,
   411 F. App'x 847 (6th Cir. 2011) .......................................................................11

*DeGidio v. Centocor, Inc.*,
   No. 3:09CV721, 2009 WL 1867676 (N.D. Ohio July 8, 2009) ............................6

*In re Diet Drugs Prods. Liab. Litig.*,
   294 F. Supp. 2d 667 (E.D. Pa. 2003) ...................................................................7

*Dubay v. Wells*,
   437 F. Supp. 2d 656 (E.D. Mich. 2006) ..............................................................10

*Emrich v. Touche Ross & Co.*,
   846 F.2d 1190 (9th Cir. 1988) ............................................................................12

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
  No. 07-1487, 2007 WL 2572048 (D. Minn. Aug. 30, 2007) ...................................................... 7

*Hooper v. Wolfe*,
  396 F.3d 744 (6th Cir. 2005) ................................................................................................... 11

*Jamison v. Memphis Transit Mgmt. Co.*,
  381 F.2d 670 (6th Cir. 1967) ................................................................................................... 10

*Jernigan v. Ashland Oil Inc.*,
  989 F.2d 812 (5th Cir. 1993) ................................................................................................... 12

*Joseph v. Baxter International, Inc.*,
  614 F. Supp. 2d 868 (N.D. Ohio 2009) ............................................................................. *passim*

*Kelly v. Aultman Physician Ctr.*,
  No. 5:13CV0994, 2013 WL 2358583 (N.D. Ohio May 29, 2013) ............................................ 6

*Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*,
  512 F. App'x 485 (6th Cir. 2013) .............................................................................................. 7

*Keweenaw Bay Indian Cmty. v. State of Michigan*,
  11 F.3d 1341 (6th Cir. 1993) ................................................................................................... 10

*Loftis v. United Parcel Serv., Inc.*,
  342 F.3d 509 (6th Cir. 2003) ................................................................................................... 13

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) ................................................................................................................. 13

*Mayfield v. London Women's Care, PLLC*,
  No. CIV.A. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015) .................................... 6

*McElroy v. Hamilton Cty Bd. of Educ.*,
  No. 1:12-cv-297, 2012 WL 12871469 (E.D. Tenn. Dec. 20, 2012) ................................ *passim*

*Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*,
  790 F. Supp. 2d 590 (E.D. Ky. 2011) ...................................................................................... 13

*Nelson v. Aim Advisors, Inc.*,
  No. 01-CV-0282-MJR, 2002 WL 442189 (S.D. Ill. Mar. 8, 2002) ........................................... 8

*PaineWebber, Inc. v. Cohen*,
  276 F.3d 197 (6th Cir. 2001) ................................................................................................... 11

*Polyplastics, Inc. v. Thansconex, Inc.*,
  713 F.2d 875 (1st Cir. 1983) ................................................................................................... 12

*Reed v. Am. Med. Sec. Grp., Inc.*,
  324 F. Supp. 2d 798 (S.D. Miss. 2004)...................................................................................7

*H.R. ex rel. Reuter v. Medtronic, Inc.*,
  996 F. Supp. 2d 671 (S.D. Ohio 2014) .............................................................................. 10-11

*Smith v. Hendricks*,
  140 F. Supp. 3d 66 (D.D.C. 2015)..................................................................................6, 9, 12

*Tapscott v. MS Dealer Serv. Corp.*,
  77 F.3d 1353 (11th Cir. 1996) ...............................................................................................7

*Wilson v. Gordon*,
  822 F.3d 934 (6th Cir. 2016) .................................................................................................9

**Statutes and Rules**

28 U.S.C. § 1446(b)(2)(A).................................................................................................1, 12

Fed. R. Civ. P. 19...................................................................................................................4, 9

Fed. R. Civ. P. 19(a) ...................................................................................................................9

Fed. R. Civ. P. 19(b) .................................................................................................................10

Fed. R. Civ. P. 20(a) ...............................................................................................................6, 7

Fed. R. Civ. P. 21 ............................................................................................................ *passim*

## INTRODUCTION

This Court has diversity jurisdiction to hear this action against the out-of-state pharmaceutical manufacturer defendants. Plaintiffs do not dispute that the amount-in-controversy requirement is satisfied, but contend that there is not complete diversity because their Complaint tacked on unrelated claims against four Tennessee citizens, alleged criminal drug dealers, in a transparent effort to evade removal. But under a straightforward application of Sixth Circuit precedent—including a recent decision of this Court—the Court can and should sever the Tennessee defendants and disregard their citizenship for purposes of diversity jurisdiction because they were improperly joined.

Beyond that, Plaintiffs assert that the removal was procedurally defective because the Tennessee defendants did not consent. But the removal statute on its face requires the consent only of "properly joined" defendants. 28 U.S.C. § 1446(b)(2)(A). Plaintiffs fail to acknowledge not only the statute's unambiguous text, but also numerous Sixth Circuit decisions holding that the statute means what it says: only properly joined defendants must consent to removal. As stated, the Provider Defendants were improperly joined, and thus their consent was not required.

Rather than confront controlling precedent, Plaintiffs assert that this Court's exercise of jurisdiction would "create a dark cloud" over the case and "have dire consequences." (Mem. in Supp. of Pls.' Mot. to Remand ("Mot.") at 1 (Doc. 12).) But the only dire consequence here would be allowing a plaintiff so easily to evade federal jurisdiction and circumvent proper removal simply by adding unrelated claims against non-diverse defendants.

Accordingly, the Court should deny Plaintiffs' motion to remand as to the manufacturer defendants, and should sever and remand the claims against the Tennessee drug dealer defendants.

## BACKGROUND

Plaintiffs are the district attorneys general for judicial districts comprising nine Tennessee counties (Carter, Johnson, Unicoi, Washington, Sullivan, Greene, Hamblen, Hancock, and Hawkins) and a single individual, Baby Doe, who allegedly was exposed to opioids *in utero* as a result of her mother's opioid abuse. (First Am. Compl. ("FAC") ¶¶ 12-16 (Doc. 1-2).) Plaintiffs brought this action in Tennessee state court against several distinct out-of-state companies that manufacture and market FDA-approved prescription opioid medications indicated for management of pain (the "Manufacturer Defendants"). (*Id.* ¶¶ 18-28.)[1] The FAC also asserts claims against three individuals and one clinic, all Tennessee citizens, that allegedly acted as criminal "street-level drug dealers" or operated criminal "pill mills" (the "Provider Defendants"). (Mot. at 4; FAC ¶¶ 30-33, 311, 328, 341, 359.)[2] Plaintiffs' factual allegations against the Manufacturer Defendants and the Provider Defendants are wholly distinct.

Plaintiffs accuse the Manufacturer Defendants of conducting a decades-long fraudulent scheme to promote FDA-approved opioid medications for the long-term treatment of chronic non-cancer pain. The FAC alleges that the Manufacturer Defendants misrepresented the safe and proper use of their opioid products, and generated and disseminated false and misleading information overstating the efficacy of opioid treatment and minimizing the risk of addiction. (*E.g.*, FAC ¶¶ 101-120, 137-152, 157-168.) According to Plaintiffs, "[t]he Manufacturer Defendants' actions were a substantial factor in opioids becoming widely available and widely

---

[1] The Manufacturer Defendants are Purdue Pharma, L.P., Purdue Pharma, Inc., and The Purdue Frederick Company (together, "Purdue"), Mallinckrodt LLC ("Mallinckrodt"), and Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (together, Endo").

[2] The Provider Defendants are Center Pointe Medical Clinic, LLC, Elizabeth Ann Bowers Campbell, Pamela Moore, and Abdelrahman Hassabu Mohamed.

used," and in "doctors and patients not accurately assessing and weighing the risks and benefits of opioids for chronic pain." (*Id.* ¶¶ 337, 355.)

Plaintiffs' allegations against the local Provider Defendants are entirely different. The FAC alleges that the Provider Defendants participated in the illegal sale of opioids in Tennessee. (*E.g.*, *id.* ¶¶ 30-33, 233, 245, 251, 258.) According to Plaintiffs, three of the four Provider Defendants already have pled guilty to a variety of drug-related criminal offenses. (*Id.* ¶¶ 245-246, 252-253, 256-257.)

On July 27, 2017, Endo timely removed the action to this Court based on diversity jurisdiction. (Doc. 1.) As the Notice of Removal states, each of the Manufacturer Defendants—the only properly joined defendants here—consented to the removal. (*Id.* at 11.) On August 4, 2017, Plaintiffs moved to remand this entire action to state court.

## ARGUMENT

Plaintiffs' motion to remand should be denied as to the Manufacturer Defendants. Plaintiffs do not dispute that the $75,000 amount in controversy is satisfied. Further, contrary to Plaintiffs' assertions, there is complete diversity because Plaintiffs are completely diverse from the Manufacturer Defendants—the only properly joined defendants. The citizenship of the Provider Defendants is irrelevant because they should be severed under Rule 21 or the procedural misjoinder doctrine. Beyond that, Plaintiffs' procedural objection that the Provider Defendants did not consent to removal lacks merit. The removal statute requires the consent only of "properly joined" defendants, and the Provider Defendants are not properly joined.

**I.  This Court Has Diversity Jurisdiction Because Plaintiffs Are Completely Diverse From the Only Properly Joined Defendants in this Action**

The Notice of Removal establishes, and Plaintiffs do not dispute, that Plaintiffs are completely diverse from the Manufacturer Defendants. The only question, then, is whether the

3

Court should sever the non-diverse Provider Defendants and disregard their citizenship for purposes of diversity jurisdiction. The Court can and should do so under Rule 21 or the procedural misjoinder doctrine.

### A. Courts May Sever Misjoined Defendants Under Federal Rule of Civil Procedure 21 or the Procedural Misjoinder Doctrine

A plaintiff cannot thwart federal diversity jurisdiction simply by joining unrelated claims against non-diverse defendants who are subject to severance under Rule 21. Contrary to Plaintiffs' assertion that "there is no Sixth Circuit appellate decision or Tennessee District Court decision providing any support for Endo's position" (Mot. at 9), this Court's power to retain jurisdiction is well-established by its prior decision in *McElroy v. Hamilton County Board of Education*, No. 1:12-cv-297, 2012 WL 12871469 (E.D. Tenn. Dec. 20, 2012). There, the plaintiff, a Tennessee citizen, filed suit in Tennessee state court asserting product liability claims against three out-of-state pharmaceutical manufacturers, and also tacked on breach of insurance contract claims against the plaintiff's employer, the local Board of Education, and Tennessee-based insurers. *Id*. at *2-3. After the case was removed, this Court denied remand as to the diverse manufacturer defendants despite the presence of the non-diverse defendants.

Following Sixth Circuit precedent, the Court explained that Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required" under Rule 19. *Id.* at *2 (quoting *Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994)); *see also id*. ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." (quoting *Safeco*, 36 F.3d at 545)). Applying that principle, the Court concluded that the non-diverse Board of Education and insurance-provider defendants were dispensable parties subject to severance under Rule 21. *Id.* at *3. The Court explained that "[t]he products-liability

4

claims against [the manufacturer defendants] will bear little resemblance to the claims against the Board, which largely sound in contract and unrelated tort law. As to the products-liability claims, there is no suggestion that Plaintiff would be unable to receive complete relief in the Board's absence." *Id*. The Court thus severed and remanded the Board and other non-diverse defendants and denied remand as to the manufacturer defendants based on diversity jurisdiction.

Plaintiffs attempt to distinguish *McElroy* on the ground that the severance there was "with the *parties' agreement*." (Mot. at 13 (emphasis in original).) But this Court in *McElroy* concluded that severance was appropriate based not only on the parties' agreement, but also the Court's "independent review of the record." 2012 WL 12871469, at *2.

Numerous decisions by other district courts in the Sixth Circuit are in accord with *McElroy*. For example, in *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), the plaintiffs, citizens of Louisiana, brought a product liability action in state court against the out-of-state manufacturer of the drug Heparin. *Id.* at 870. Before the case was removed, the plaintiffs amended their complaint to add medical malpractice claims against non-diverse healthcare providers that allegedly engaged in "negligent acts and omissions in the administration of Heparin." *Id.* at 871. Despite the addition of these non-diverse defendants, the district court declined to remand the entire case. *Id.* at 874. Following the same Sixth Circuit precedent cited in *McElroy*, the *Baxter* court concluded that the non-diverse healthcare-provider defendants were dispensable parties subject to severance under Rule 21. *Id.* The court reasoned that the medical malpractice claims against those defendants "differ from the [plaintiffs'] products liability claim" against the manufacturer defendant, and that the plaintiffs "retain an

5

adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court." *Id.* at 872-73.[3]

Likewise, here, the Court should sever the non-diverse Provider Defendants and deny remand as to the Manufacturer Defendants. As in *McElroy*, *Baxter*, and multiple other cases, Plaintiffs' claims against the Manufacturer Defendants are wholly distinct from their claims against the Provider Defendants. *McElroy*, 2012 WL 12871469, at *3; *Baxter*, 614 F. Supp. 2d at 872-73. Indeed, the claims against the Manufacturer and Provider Defendants do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Specifically, Plaintiffs allege that the Manufacturer Defendants misrepresented the benefits and risks of FDA-approved prescription opioid medications, whereas they allege that the Provider Defendants—purported "street-level drug dealers" and operators of "pill mills" (Mot. at 4)—illegally sold opioids. (*Compare* FAC ¶¶ 70–174 (allegations against Manufacturer Defendants), *with id.* ¶¶ 231–264 (allegations against Provider Defendants).) As other courts have recognized in similar circumstances, "[t]he factual basis for the claims against [the Manufacturer Defendants] pertains to the research, development, production, and marketing" of the products at issue, while "the factual basis for the claims against the . . . Provider Defendants pertains to . . . treatment by and interaction with . . . healthcare providers." *Smith v. Hendricks*, 140 F. Supp. 3d 66, 75 (D.D.C. 2015) (severing non-diverse provider defendants and denying remand as to diverse manufacturer defendant). There is no overlap between the factual allegations against the Manufacturer and Provider Defendants, and thus severance is warranted.

---

[3] *See also Mayfield v. London Women's Care, PLLC*, No. CIV.A. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015) (severing non-diverse healthcare-provider defendants and thus denying remand as to diverse manufacturer defendants); *Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013) (same); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *2 (N.D. Ohio July 8, 2009) (same).

As an alternative to severance under Rule 21, the Court may also uphold the removal here under the procedural misjoinder doctrine (sometimes termed fraudulent misjoinder). "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining the unrelated claims of a plaintiff against non-diverse party defendants." *Baxter*, 614 F. Supp. 2d at 874 (quoting *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 869-72 (N.D. Ohio 2008)); *see also, e.g.*, *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004) (fraudulent misjoinder "refers to the joining of claims into one suit in order to defeat diversity jurisdiction where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard" (internal quotation marks omitted)). Under this doctrine, the Court may find that, due to the misjoinder of the Provider Defendants in violation of Rule 20(a), the parties are completely diverse and the case is removable *ab initio*.[4]

Notably, other courts adjudicating similar opioid-related cases have relied on the fraudulent misjoinder doctrine to sever claims against providers and deny remand to state court. *Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, No. 1:17-00946, 2017 WL 2843614, at *4-5 (S.D. W. Va. July 3, 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-

---

[4] Contrary to Plaintiffs' assertion, the Sixth Circuit has not "rejected" the fraudulent misjoinder doctrine (Mot. at 2), but simply has "not adopted" it. *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 491 n.1 (6th Cir. 2013). Some district courts in the Sixth Circuit have applied the doctrine, and others have declined to do so. *Compare Asher v. Minn. Mining & Mfg. Co.*, No. 04CV522KKC, 2005 WL 1593941, at *7 (E.D. Ky. June 30, 2005) (applying the doctrine), *with Bird v. Carteret Mortg. Corp.*, No. 2:06-CV-588, 2007 WL 894841, at *5 (S.D. Ohio Mar. 22, 2007) (declining to apply the doctrine). Other courts of appeals and district courts outside the Sixth Circuit have applied the doctrine. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 412 (S.D. W. Va. 2005); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. 07-1487, 2007 WL 2572048, at *2-3 (D. Minn. Aug. 30, 2007); *In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667, 677-78 (E.D. Pa. 2003); *Reed*, 324 F. Supp. 2d at 803-05.

01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017). In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused." *Id*. at *1. The court found that these claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct." *Id*. at *5. In *AmerisourceBergen Drug Corporation*, the court reached the same conclusion for substantially the same reasons. 2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and distinct"). Plaintiffs' claims here against two different sets of defendants are materially indistinguishable from those cases, and this Court should likewise deny remand under the procedural misjoinder doctrine.

Plaintiffs contend that removal is improper because the FAC asserts the "same state law causes of action" against the Manufacturer and Provider Defendants (Mot. at 9), which "implicate the exact same tort law principles." (*Id.* at 13.) This argument misses the mark, because the relevant inquiry is not whether a complaint asserts the same causes of action against different defendants, but whether the claims rest on distinct factual allegations. "Although Plaintiffs' claims against all Defendants are pleaded under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common." *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002). "The fact that Plaintiffs have made claims against each Defendant under identical [] statutory provisions does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)." *Id.* Thus, in

8

*Smith*, 140 F. Supp. 3d at 76, the D.C. district court severed non-diverse healthcare-provider defendants even though the plaintiff asserted some of the same causes of action against both those defendants and the diverse manufacturer defendant. Severance was warranted, the court concluded, because the "factual basis" for the claims against the manufacturer and the healthcare providers were distinct and arose out of different occurrences. *Id*. at 75. The same is true here.[5]

### B. The Provider Defendants Are Neither Necessary Nor Indispensable

Plaintiffs further assert that severance under Rule 21 is precluded because the Provider Defendants are Rule 19 necessary and indispensable parties. (Mot. at 9-11.) They are neither.

#### 1. The Provider Defendants Are Not Necessary Under Rule 19(a)

The Provider Defendants are unnecessary under Rule 19(a) in two independent respects. For one, "the Supreme Court has held that, as a matter of law, joint tortfeasors are not necessary parties under Rule 19." *Boggs v. Landmark 4 LLC*, No. 1:12 CV 614, 2012 WL 3485288, at *3 (N.D. Ohio Aug. 13, 2012) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990)); *see also Wilson v. Gordon*, 822 F.3d 934, 957 (6th Cir. 2016) ("[T]he Supreme Court has held that joint tortfeasors are not required parties under Rule 19(a)."). Here, the Provider Defendants are alleged joint tortfeasors, and no more. Plaintiffs, in their words, seek to hold all Defendants "*collectively accountable* for the damage they have done to their fellow citizens." (Mot. at 10 (emphasis added); *see also, e.g.*, FAC ¶¶ 304, 313, 330, 347, 365, & Prayer for Relief, ¶¶ 1-7.)

---

[5] For similar reasons, Plaintiffs err in attempting to distinguish *Baxter* on the ground that it involved medical malpractice claims. It is not the specific causes of action that determine whether severance is warranted, but rather whether the alleged wrongdoing by different defendants is distinct. There, the *Baxter* court granted severance and found diversity jurisdiction because the "medical malpractice allegations [against the provider defendants] differ from [the plaintiff's] products liability claim which focuses on [the manufacturer's] conduct in designing, manufacturing, labeling and recalling tainted [drug]." 614 F. Supp. 2d at 872.

9

In addition, where, as here, the claims against diverse and non-diverse defendants are distinct—and plaintiffs can pursue their claims against the non-diverse defendants in state court—the non-diverse defendants "do not meet any of the elements required to be deemed necessary." *Baxter*, 614 F. Supp. 2d at 872; *accord McElroy*, 2012 WL 12871469, at *3.

Plaintiffs urge this Court to adopt a novel and expansive definition of "necessary" as any party whose joinder is merely "feasible." (Mot. at 10.) But none of the cases Plaintiffs cite support that broad proposition. (*See id.*) In each case, the absent party was in fact necessary and would have been substantially prejudiced by a decision in the party's absence. *See Dubay v. Wells*, 437 F. Supp. 2d 656, 660 (E.D. Mich. 2006) (plaintiff's claims, if successful, would prevent absent party from collecting child support from plaintiff); *Jamison v. Memphis Transit Mgmt. Co.*, 381 F.2d 670, 676 (6th Cir. 1967) (absent mother was necessary where she "jointly possess[ed]" with the father a right of action against the defendant for the wrongful death of their son); *Keweenaw Bay Indian Cmty. v. State of Michigan*, 11 F.3d 1341, 1344-47 (6th Cir. 1993) (plaintiff's claims required determination of rights to certain waters under a treaty which provided that waters belonged to plaintiff and absent parties "in common"). In any event, joinder of the Provider Defendants in this action is not feasible—it is improper.

### 2. The Provider Defendants Are Dispensable Under Rule 19(b)

Even if the Provider Defendants were necessary parties (and they are not), they would be dispensable because Plaintiffs have an "adequate remedy" against the Provider Defendants in state court and thus will not be prejudiced by severance. *Baxter*, 614 F. Supp. 2d at 872.

Plaintiffs argue that litigating in federal and state courts is "not practical." (Mot. at 17.) But as other courts have recognized, "[t]he mere fact that Plaintiff will be maintaining two lawsuits is not unduly or unfairly prejudicial, and does not require a finding that [certain defendants] are necessary or indispensable parties." *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996

10
Case 2:17-cv-00122-TAV-MCLC   Document 21   Filed 08/18/17   Page 15 of 20   PageID #: 540

F. Supp. 2d 671, 683 (S.D. Ohio 2014); *see also PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001) ("[M]ultiple proceedings and inconsistent results in state and federal court . . . can occur whenever joint tortfeasors are not parties to the same lawsuit. This form of prejudice, however, does not require a finding that joint tortfeasors are necessary or indispensable parties."); *Baxter*, 614 F. Supp. 2d at 873 ("While fighting on two fronts will no doubt be inconvenient for [plaintiffs], and probably more expensive, I do not find the maintenance of the two lawsuits unfairly or unduly prejudicial to them.").

Beyond that, Plaintiffs vastly overstate the purported practical difficulties. Plaintiffs argue that discovery would be a "mess." (Mot. at 18.) But Plaintiffs fail to articulate why this is so, or to describe any efficiencies to be had through adjudicating both sets of claims in one action. To the contrary, a consolidated action is likely to be less efficient, because the overlap between discovery of national pharmaceutical manufacturers and local "street-level drug dealers" and operators of "pill mills" is non-existent. (*Id.* at 4.) In fact, given the overwhelming differences between Plaintiffs' allegations against the Manufacturer Defendants and the Provider Defendants, it would be more efficient to litigate them separately.

Finally, Plaintiffs seek to sidestep the federal standards for determining necessary and indispensable parties, urging the Court to apply state law. (Mot. at 10 ("Tennessee law makes it clear that the [Provider] Defendants [] should be joined, if possible").) But "[i]n diversity cases, the question of whether an individual or entity is a necessary party is a procedural question governed by federal law." *Dearborn St. Bldg. Assocs., LLC v. Huntington Nat'l Bank*, 411 F. App'x 847, 851 (6th Cir. 2011); *accord Hooper v. Wolfe*, 396 F.3d 744, 749 (6th Cir. 2005).[6]

---

[6] Though not necessary to the resolution of the motion to remand, Plaintiffs' effort to extend Tennessee's Drug Dealer Liability Act to pharmaceutical manufacturers' marketing of FDA-

## II. Plaintiffs' Procedural Objection to the Notice of Removal Is Meritless

Plaintiffs argue that the Notice of Removal is procedurally defective because the Provider Defendants did not consent. (Mot. at 6-7.) But Plaintiffs ignore that the plain text of the removal statute and controlling Sixth Circuit precedent require the consent only of "properly joined" defendants. Because the Provider Defendants are not "properly joined," their consent was not required.

The relevant provision of the removal statute states that "defendants who have been *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). In accordance with this plain text, the Sixth Circuit has held that "[b]y its terms, . . . § 1446(b)(2) only requires the consent of properly joined defendants; the consent of a defendant that has been fraudulently joined is not necessary." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (emphasis omitted); *see also id.* ("[A] defendant seeking removal to federal court must obtain the consent of all other 'properly joined and served' defendants to ensure the motion is unanimous." (quoting § 1446(b)(2)(A))).[7] In other words, "the explicit language of section 1446 does not require consent from improperly joined parties." *Smith*, 140 F. Supp. 3d at 77 n.9; *see id.* at 77 (statute "applies only to [defendants] 'who have been *properly joined* and served'" (quoting § 1446(b)(2)(A) (emphasis

---

approved medications is facially defective. So too are Plaintiffs' other claims. The Manufacturer Defendants will seek dismissal of the FAC for failure to state a claim.

[7] Other courts of appeals likewise have held that this rule of unanimity "applies . . . only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *see also Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Polyplastics, Inc. v. Thansconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983). "In cases involving alleged improper or fraudulent joinder of parties, . . . application of this [consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan*, 989 F.2d at 815.

by court))).  As set forth above, the Provider Defendants are not properly joined in this action, and thus their consent to the removal was not required.

Ignoring the statutory text and controlling precedent, Plaintiffs rely on the Sixth Circuit's 2003 statement that "all defendants in the action must join the removal petition."  (Mot. at 3 (quoting *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (emphasis by Plaintiffs omitted))).  But *Loftis* in no way suggests that improperly joined defendants must consent to removal, since in *Loftis* there was no dispute that the non-consenting defendant had been properly joined.  Indeed, the Sixth Circuit in *Loftis* quoted and paraphrased its earlier holding that "all defendants who have been served or otherwise *properly joined* in the action must" consent to removal.  342 F.3d at 516 (quoting *Brierly v. Alusuise Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)) (emphasis added).  Thus, the removal here was procedurally proper, and Plaintiffs' argument to the contrary lacks merit.

### III. Plaintiffs Are Not Entitled to Fees

Plaintiffs' request for attorney's fees should be denied.  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  As shown above, this Court in *McElroy* denied remand as to diverse pharmaceutical manufacturer defendants in circumstances like those here, and multiple other district courts within the Sixth Circuit have done the same.  Further, while the Sixth Circuit has not addressed the fraudulent misjoinder doctrine, district courts in the Sixth Circuit have applied the doctrine.  *See Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 600 (E.D. Ky. 2011) (declining to award attorney's fees after rejecting a defendant's fraudulent misjoinder argument, because, although defendant's argument "did not carry the day," the fraudulent misjoinder doctrine "has been adopted by many federal courts," and defendant's argument was "at least reasonable").  The

arguments supporting removal of this case are not only "objectively reasonable," they establish the existence of diversity jurisdiction in this Court.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to remand as to the Manufacturer Defendants, and should sever and remand the claims against the Provider Defendants.

Dated: August 18, 2017

/s/ Ronald S. Range, Jr.
Ronald S. Range, Jr. (TN Bar No. 013928)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
PO Box 3038
100 Med Tech Parkway, Suite 200
Johnson City, TN  37602
(423) 975-7602
rrange@bakerdonelson.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@apks.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO PHARMACEUTICALS, INC.
*denotes national counsel who will seek pro hac vice admission*

## CERTIFICATE OF SERVICE

I hereby certify that I have on August 18, 2017, caused a copy of the foregoing to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and all other parties will be served by regular U.S. Mail, postage pre-paid, at the addresses listed below.

Elizabeth Ann Bowers Campbell
1390 Milligan Highway
Johnson City, TN 37601

Jefferson B. Fairchild
117 South Depot Street
Rogersville, TN 37857
*Counsel for Pamela Moore*

Dated: August 18, 2017

/s/ Ronald S. Range, Jr.
Ronald S. Range, Jr. (TN Bar No. 013928)