# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| BARRY STAUBUS, in his official capacity as the District Attorney General for the Second Judicial District, TN; TONY CLARK, in his official capacity as the District Attorney General for the First Judicial District, TN; DAN ARMSTRONG, in his official capacity as the District Attorney General for the Third Judicial District, TN; and BABY DOE, by and through his Guardian Ad Litem, | |
| Plaintiffs, | Case No. 2:17-CV-00122 |
| v. | Judge Thomas A. Varlan |
| PURDUE PHARMA, L.P.: PURDUE PHARMA, INC.: THE PURDUE FREDERICK COMPANY: MALLINCKRODT LLC; ENDO HEALTH SOLUTIONS, INC; ENDO PHARMACEUTICALS, INC; CENTER POINTE MEDICAL CLINIC, LLC; ELIZABETH ANN BOWERS CAMPBELL; PAMELA MOORE; and ABDELRAHMAN HASSABU MOHAMED, | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO ENDO HEALTH SOLUTIONS INC. AND ENDO PHARMACEUTICALS INC.'S NOTICE OF RECENT DEVELOPMENT RELEVANT TO PLAINTIFF'S PENDING MOTION TO REMAND**

## I. Introduction

Ostensibly presented as a "Notice of Recent Development," Defendant Endo's filing uses the pending motion to transfer opioid-related lawsuits to a Multidistrict Litigation ("MDL") as an opening to reargue the merits of Plaintiffs' Motion to Remand. (*See* Dkt. 36.) Noticeably absent from the argument in Endo's "Notice," however, is any reference to the directly controlling Sixth Circuit precedent requiring this Court to address Plaintiffs' Motion to Remand ***before*** any transfer of the case pursuant to 28 U.S.C. § 1407. *See BancOhio Corp. v. Fox*, 516 F.2d 29, 31-32 (6th Cir. 1975). Therefore, in response to Endo's filing, it is necessary to provide the Court with a brief description of *BancOhio Corp.*, and other on point case law and procedural rules that indicate that the pendency of a MDL transfer motion cannot, and should not, delay this Court's determination of Plaintiffs' jurisdictional challenge.

## II. Discussion

### A. Controlling Sixth Circuit Precedent Instructs That This Court's Jurisdiction Must Be Determined Prior To Any Transfer Of The Action

Longstanding Supreme Court and Sixth Circuit precedent require this Court to resolve Plaintiff's jurisdictional challenge before taking any other action in this case. As the Supreme Court explained, "[t]he requirement that jurisdiction be established as a ***threshold matter*** 'spring[s] from the nature and limits of the judicial power of the United States' and is '***inflexible and without exception***.'" *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (emphasis added); *see also Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

1

This threshold requirement to determine subject matter jurisdiction applies in the Sixth Circuit even where a MDL transfer motion is pending. *See Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000). Indeed, the "Sixth Circuit has warned that a district court's ***first obligation*** is to determine whether the court has subject matter jurisdiction because without such jurisdiction, there is not any action to transfer" to the MDL. *Id.* (citing *BancOhio Corp. v. Fox*, 516 F.2d 29, 31-32 (6th Cir. 1975)) (emphasis added). Explaining its holding in *BancOhio Corp.*, the Sixth Circuit stated:

> No matter how desirable respondents feel it may be to consolidate in California all litigation in any way related to Equity Funding, there is nothing in [the statute on multidistrict litigation, 28 U.S.C. § 1407,] to provide an exception to the rules normally governing removal of cases from state courts. ***Such a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case.*** Here there is no such jurisdiction.

*BancOhio Corp.,* 516. F.2d at 32 (emphasis added).

Applying the Sixth Circuit's threshold jurisdictional requirement, the *Sherwood* court considered, and ultimately granted, the plaintiffs' motion to remand before denying as moot Microsoft's motion to stay pending a JPML transfer ruling. *Sherwood*, 91 F. Supp. 2d at 1199. Consistent with *Sherwood*, numerous other district courts in this Circuit and elsewhere have held that a "jurisdictional issue ***must*** be resolved before deciding whether to stay or transfer the case to the MDL panel." *Farkas v. Bridgestone/Firestone, Inc.*, 113 F. Supp. 2d 1107, 1115 n. 8 (W. D. Ky. 2000) (emphasis added); *see also In re MTBE Prods. Liab. Litig.*, 175 F. Supp. 2d 593, 603 n.9 (S.D.N.Y. 2001) (citing the Sixth Circuit's holding in *BancOhio Corp.* and holding: "A transfer of a case pursuant to 28 U.S.C. § 1407 cannot be made unless the transferee court has

2

subject matter jurisdiction.").[1]

**B.     The Federal Rules Of Civil Procedure And MDL Rules Contemplate Resolution Of Plaintiffs' Motion To Remand Before Transfer To The MDL**

Both the Federal Rules of Civil Procedure and the MDL Rules contemplate that a court will resolve a remand motion before the Judicial Panel on Multidistrict Litigation ("JPML") rules on a pending transfer motion. In describing the "procedure after removal generally," the Federal Rules of Civil Procedure provide that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case ***shall be remanded***." 28 U.S.C. § 1447(c) (emphasis added). This rule is non-discretionary. As such, a district court cannot simply disregard a jurisdictional challenge while the JPML is considering a motion to transfer.

---

[1] *See also Hamzey v. Baylor Corp.*, 2010 WL 2011529, at *2 (S.D. Cal. May 19, 2010) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. V. Doyle*, 429 U.S. 274, 278 (1977)) ("Bayer seeks to stay this action [pending transfer to the MDL panel] prior to the court deciding the threshold issue of the court's subject matter jurisdiction. . . . [F]or the below-stated reasons, the court concludes that it lacks subject matter jurisdiction. Accordingly, the court lacks the power to grant the relief requested by Bayer. The only option available to this court is to remand the action to state court."); *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1232 (D. Haw. 2007) ("Courts have held that when jurisdictional issues are in dispute, a motion to remand should be resolved prior to the determination of whether a stay is appropriate."); *Kantner v. Merck & Co., Inc.*, 2005 WL 277688, at *3 (S.D. Ind. Jan. 26, 2005) (granting motion to remand and denying motion to stay; "It is appropriate for the court to consider the matters raised by the Plaintiff's Motion to Remand despite the Defendant's efforts to have this case accepted by the [JPML]."); *Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co., Inc.*, 302 B.R. 620, 624 (N.D. Iowa 2003) (agreeing with "other federal courts [that] have held that a plaintiff's motion for remand must necessarily be heard and decided prior to a defendant's motion," and "find[ing] that jurisdictional issues should be considered first"); *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 696-98 (S.D.W. Va. 1999) (granting motion to remand and then denying as moot defendant's motion to stay proceedings pending transfer to the existing multi-district litigation, explaining: "This Court cannot . . . stay proceedings in an action over which it lacks jurisdiction."); *Stern v. Mut. Life Ins. Co. of N.Y.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action. This determination involves no issues that the putative transferee court in the multi-district action would be uniquely qualified to address."); *Weisman v. Southeast Hotel Properties Ltd.*, 1992 WL 131080, at *2 (S.D.N.Y. June 1, 1992) ("[B]efore addressing the motion to stay the proceedings, it was necessary to resolve the jurisdiction and abstention issues.").

3

The MDL Rules further indicate that a district court can, and should, address a motion to remand before a final transfer order becomes effective. Specifically, JPML Rule 2.1 provides that:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 *does not affect or suspend orders or pretrial proceedings in any pending federal district court action* and does not limit the pretrial jurisdiction of that court.

MDL Rule 2.1(d) (emphasis added); *see also State of Rio de Janiero of the Federated Rep. of Brazil v. Philip Morris Inc.*, 239 F.3d 714, 715 (5th Cir. 2001) (JPML practice "contemplates that a district court may remand a removed case to state court before [the JPML's] transfer order under 28 U.S.C. § 1407 becomes effective"); *St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.*, 774 F.Supp.2d 596, 600 (D. Del. 2011) ("The authority to remand a removed case survives a JPML conditional transfer order.")

### III. Conclusion

Plaintiffs submit this additional authority in response to Endo's Notice of Recent Development.

Respectfully submitted,

 s/ James G. Stranch, III
BRANSTETTER, STRANCH &
JENNINGS, PLLC
James G. Stranch, III (BPR #2542)
J. Gerard Stranch, IV (BPR #023045)
Tricia A. Herzfeld (BPR#26014)
Benjamin A. Gastel (BPR#28699)
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801

4

Facsimile: (615) 255-5419
jims@bsjfirm.com
gerards@bsjfirm.com
triciah@bsjfirm.com
beng@bsjfirm.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion has been served via the Court's electronic filing system (ECF) and/or U.S. Mail on this the 17th day of October, 2017, as follows:

*Attorneys for Purdue Defendants:*

NEAL & HARWELL, PLC
Aubrey B. Harwell, Jr. (BPR # 2559)
James G. Thomas (BPR # 7028)
Mariam A. Stockton (BPR #29750)
William J. Harbison II (BPR # 33330)
1201 Demonbreun Street
Nashville, TN 37213
(615) 244-1713
aharwell@nealharwell.com
jthomas@nealharwell.com
mstockton@nealharwell.com
jharbison@nealharwell.com

QUINN EMANUEL URQUHART & SULLIVAN
Sheila L. Birnbaum*
Mark S. Cheffo*
Hayden A. Coleman*
51 Madison Avenue
New York, NY 10010
(212) 849-7000
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
haydencoleman@quinnemanuel.com

*Attorneys for Endo Defendants:*

BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
Ronald S. Range, Jr. (BPR # 013928)
P.O. Box 3038
100 Med Tech Parkway, Suite 2000
Johnson City, TN 37602
(423) 975-7602
rrange@bakerdonelson.com

ARNOLD & PORTER KAYE SCHOLER LLP
Ingo W. Sprie, Jr.*
250 West 55th Street
New York, NY 10019
(212) 836-8000
ingo.sprie@apks.com

Sean Morris*
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
sean.morris@apks.com

***Attorneys for Defendant Center Pointe:***
HUNTER, SMITH & DAVIS
Leslie Tentler Ridings (BPR # 19621)
William C. Bovender (BPR #000751)
1212 North Eastman Road
Kingsport, TN 37664
(423) 378-8828
ltridings@hsdlaw.com

***Elizabeth Ann Bowers Campbell***
1390 Milligan Highway
Johnson City, TN 37601

***Attorneys for Pamela Moore***
LAW OFFICE OF JEFFERSON B. FAIRCHILD
Jefferson B. Fairchild
PO Box 7
Rogersville, TN 37857
(423) 272-2142
jfairchild@jfairchildlaw.com

***Attorneys for Abdelrahman Hassabu Mohamed***
JESSEE & JESSEE
Thomas C. Jessee (BPR # 000113)
P.O. Box 997
Johnson City, TN 37605
(423) 928-7175

7

HERNDON, COLEMAN, BRADING & MCKEE
Charles T. Herndon, IV
Elizabeth M. Hutton
PO Box 1160
Johnson City, TN 37605
(423) 434-4700
cherndon@lawyerfirm.com
ehutton@lawyerfirm.com

***Attorneys for Mallinckrodt:***
BASS, BERRY, & SIMS PLC
Jessalyn H. Zeigler (TN Bar No. 016139)
Sarah B. Miller (TN Bar No. 033441)
150 Third Avenue South Suite 2800
Nashville, TN 37201 (615) 742-6289
JZeigler@bassberry.com

ROPES & GRAY LLP
Brien T. O'Connor (admitted pro hac)
Andrew J. O'Connor (admitted pro hac)
Prudential Tower, 800 Boylston Street
Boston, MA 02199
(617) 235 4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

/s/ James G. Stranch, III